UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES of the LOCAL 813 INSURANCE
TRUST FUND, the LOCAL 813 PENSION TRUST
FUND, and the LOCAL 813 AND LOCAL 1034
SEVERANCE AND RETIREMENT FUND,

                 Plaintiffs,                   ORDER
                                                      09-CV-5451 (FB)

      -against-

TRES CHIC, LTD. d/b/a/ DELTA WASTE
SERVICES,

                 Defendant.
------------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

      By Order dated April 16, 2010, the Honorable Frederic Block referred plaintiffs' motion for default judgment to me for a report and recommendation on what relief should be awarded to plaintiffs. Plaintiffs shall submit, at a minimum, the following documentation in support of their demand for damages:

      (1)    All collective bargaining agreements in force at the time of defendant's failure to remit payments to the plaintiffs. If there is no applicable agreement, plaintiffs shall explain the factual circumstances surrounding the lack of an agreement and the basis for a damages award under ERISA.

      (2)    All relevant trust agreements with provisions relating to (a) unpaid and delinquent contributions to the Funds and (b) interest and liquidated damages for late payments to the Funds;

      (3)    Remittance forms or other records maintained by the Funds documenting unpaid or delinquent contributions;

      (4)    Any audits of defendant's books and records. If plaintiffs were unable to conduct an audit of defendant's books, plaintiffs shall provide a detailed explanation, with supporting documentation, of how they calculate the amount due owing to the Funds.

      (5)    An affidavit or affirmation detailing the calculation of unpaid contributions, interest and liquidated damages owed to the Funds; and

(6) A calculation of any attorney's fees, supported by contemporaneous time records, that plaintiffs seek to recover.

In addition, plaintiffs shall address the issue of whether any of their claims for contributions are time-barred. In their complaint, plaintiffs seek unpaid contributions beginning from January 1, 2003. Compl. ¶¶ 13, 19, 25. Plaintiffs filed their complaint on December 14, 2009. The statute of limitations for actions to recover unpaid contributions pursuant to ERISA is six years in New York. *Durso v. 130-10 Food Corp.*, 2009 WL 3084268, at *4 (E.D.N.Y. Sept. 23, 2009). Nonetheless, plaintiffs may be able to recover what appear to be time-barred contributions for the period of January 1, 2003 through December 14, 2003 if they can show that they did not have reason to know of the injury until a time within the limitations period, such as pursuant to an audit. *Id*. Accordingly, plaintiffs shall either submit a brief memorandum of law explaining the basis for an award of the earlier contributions, or they shall recalculate the amount of unpaid contributions owed.

Plaintiffs shall also explain the basis for an award of prejudgment interest at the rate of 9% per annum, beginning from October 1, 2009, and an award of liquidated damages in the amount of $40,559.23. Schneider Aff. ¶ 9, Docket Entry 6-1. Plaintiffs shall either explain why ERISA's statutory provisions concerning interest and liquidated damages, 29 U.S.C. § 1132(g)(2), do not apply, or they shall recalculate these amounts pursuant to ERISA.

Plaintiffs' submission in support of damages is due no later than May 10, 2010. Any submission that defendant wishes to make in response is due no later than May 24, 2010. Any reply that plaintiffs wish to make should be filed no later than June 1, 2010.

Upon receipt of this Order, plaintiffs are hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendant at its last known address, and to provide the Court with a copy of the return receipt.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Dated:      Brooklyn, New York
            April 19, 2010

*U:\eoc 2010\damages inquests\briefing orders\trustees v tres chic*.docx