UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES of the LOCAL 813 INSURANCE
TRUST FUND, the LOCAL 813 PENSION
TRUST FUND, and the LOCAL 813 AND
LOCAL 1034 SEVERANCE AND
RETIREMENT FUND,

         Plaintiffs,

    -against-
                     REPORT &
                     RECOMMENDATION
                     09-CV-5452 (FB) (SMG)

TRES CHIC, LTD. d/b/a DELTA WASTE
SERVICES,

         Defendant.
----------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

## Introduction

    Plaintiffs bring this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 26 U.S.C. § 432(e)(7) of the Internal Revenue Code, to recover delinquent contributions from Tres Chic, Ltd., d/b/a Delta Waste Services ("Delta Waste") for the period from January, 2003 to September, 2009. Upon plaintiffs' application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendant on March 24, 2010. Docket Entry 7. By Memorandum and Order dated April 15, 2010, the Honorable Frederic Block found defendant liable and granted plaintiffs' motion for default judgment. Docket Entry 8. Judge Block then referred the matter to me to report and recommend on the amount of damages to be awarded. *Id.*

1

**Discussion**

*1.   Statute of limitations*

The statute of limitations for actions to recover unpaid contributions pursuant to ERISA is six years in New York. *See Durso v. 130-10 Food Corp.*, 2009 WL 3084268, at *4 (E.D.N.Y. Sept. 23, 2009). The complaint seeks damages for delinquent payments beginning January 1, 2003, but was not filed until December 14, 2009. Accordingly, I ordered plaintiffs to explain why their claim for contributions that became due prior to December 14, 2003, or six years before the filing of the complaint, was not time-barred. *See* Order dated 4/19/10, Docket Entry 9. Plaintiffs responded by submitting Tolling Agreements dated December 5, 2008 and May 27, 2009, by which defendant agreed to toll federal and state statutes of limitations with respect to plaintiffs' ERISA claims. Schneider Supp. Aff. Exs. A & B, Docket Entry 11.[1] Each agreement provides that the limitations period will be tolled for 180 days from the date of the agreement unless terminated in writing by either party. Plaintiffs contend that neither party exercised its right to terminate either agreement. Schneider Supp. Aff. ¶ 12. Accordingly, I find that the parties validly stipulated to toll the statute of limitations. *See, e.g.*, *SEC v. Kelly*, 663 F. Supp. 2d 276, 287 (S.D.N.Y. 2009) (holding that the statute of limitations stopped running for the period during which the tolling agreements were in effect). Thus, taking into account the two consecutive tolling periods, and for the reasons set forth in plaintiffs' counsel's supplemental affidavit, see Schneider Supp. Aff. ¶¶ 12-13, I find that plaintiffs' claims for damages prior to December 14, 2003 are not time-barred.

---

[1] "Schneider Supp. Aff." refers to the Supplemental Affidavit of plaintiffs' attorney, Sally L. Schneider.

*2. Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993). Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id.* A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Defendant has not submitted any opposition to plaintiffs' motion. Accordingly, a hearing on the issue of damages is not warranted.

The types of relief that may be awarded for a violation of Section 1145 are enumerated in Section 1132(g)(2). Here, plaintiffs seek unpaid contributions for the period from January, 2003 through September, 2009. Compl. ¶¶ 13, 19, 25, 32. Plaintiffs also seek interest, liquidated damages, and attorney's fees and costs. *Id.* ¶¶ 17, 23, 29, 35.

First, plaintiffs seek $203,652.96 in unpaid ERISA contributions. Compl. ¶¶ 13, 19, 25, 32 and Wherefore Cl.; Huang Aff. ¶ 28, Docket Entry 12.[2] As the fund administrator explains in her affidavit, defendant's delinquencies were discovered in large part through audits of Delta

---

[2]"Huang Aff." refers to the affidavit of Sharon Huang, administrator of the Insurance, Pension, and Severance and Retirement trust funds.

Waste's books for the periods from 2003 to 2005 and 2006 to 2008, revealing amounts due of $67,405 and $41,087.80, respectively. Huang Aff. ¶ 10. *See also* Hodes Aff. ¶¶ 5-7, 12-13 and Exs. CC & DD, Docket Entry 13.[3] Other delinquencies specifically involving three employees and totaling $25,053.36[4] were already recorded in the Funds' records, and thus were not included in the amounts reported as due and owing in the audit, Huang Aff. ¶¶ 11-15 and Exs. J-N, while still others totaling $69,250, and which became payable subsequent to the second audit, are documented through bills and statements of contributions, *id*. ¶¶ 16-22, 24-27 and Exs. O-Z.

The final component of the unpaid contributions sought consists of $856.80 in surcharges owed to the Pension Fund. Huang Aff. ¶¶ 23-27. As part of the Pension Protection Act of 2006, a multiemployer plan forecasted to have specifically enumerated funding deficiencies must be certified as being in "critical status." 26 U.S.C. § 432(b)(2). On March 31, 2009, the Pension Fund was certified by its actuary as being in "critical status" for the 2009 plan year. Compl. ¶ 31. During the first year of such certification, contributing employers must pay a surcharge equivalent to five percent of required contributions. 26 U.S.C. § 432(e)(7)(A). "Any failure to make a surcharge payment shall be treated as a delinquent contribution under section 515 of the Employee Retirement Income Security Act of 1974 and shall be enforceable as such." *Id*. § 432(e)(7)(B). By letters dated April 27, 2009 and May 22, 2009, the Pension Fund notified Delta Waste that the Fund was in critical status and, as a result, a five percent surcharge would be added to contribution payments. *See* Huang Aff. Exs. V & U. The surcharge was then added

---

[3]"Hodes Aff." refers to the affidavit of Gil Hodes, auditor of the Insurance, Pension, and Severance and Retirement trust funds.

[4]The specific amounts for each employee are broken down in the discussion of interest below.

4

to Delta Waste's required monthly contributions to the Pension Fund for June, 2009 through September, 2009.

I have reviewed all of plaintiffs' submissions described above, and conclude that the Funds have sufficiently established that defendant owes $203,652.96 in unpaid ERISA contributions and surcharges from January, 2003 through September, 2009.

Next, plaintiffs seek interest on the unpaid contributions. Compl. ¶¶ 17, 23, 29, 35. Pursuant to the written trust agreements, incorporated by reference in the collective bargaining agreement, defendant is obligated to pay interest at the rate of 1.5% compounded monthly on any unpaid ERISA contributions. Huang Aff. Ex. G at 5, Ex. H at 5, 41 Ex. I at 5-6. I thus recommend that plaintiffs be awarded interest on all outstanding principle payments at the monthly rate of 1.5%.

With respect to identifying the date from which interest should accrue, New York law permits the accrual of pre-judgment interest from a "single reasonable intermediate date" when damages are incurred over a period of time. *See* N.Y. C.P.L.R. 5001(b). I recommend applying this method here as a practical way of calculating interest on those contributions that remain unpaid. Thus, for the audit covering the period from January, 2003 through December, 2005, I respectfully recommend that interest accrue on the unpaid principle of $67,405, beginning from July 1, 2004. *See* Hodes Aff. Ex. BB. For the audit covering January, 2006 through October, 2008, I respectfully recommend that interest accrue on the $41,087.80 in unpaid principle from June 1, 2007. *See id.* Ex. DD.

In addition, plaintiffs seek interest on the monies which became due and owing subsequent to the second audit, as well as on the unpaid surcharges to the Pension Fund. These

delinquencies spanned from December, 2008 through September, 2009, and total $70,106.80. *See* Huang Aff. ¶¶ 16-27. I recommend that interest begin to accrue on this unpaid principle from the midway date of May 1, 2009 at the monthly rate of 1.5%. Finally, plaintiffs seek interest on unpaid contributions that defendant owes for three individual employees who were not included in the audit. *Id*. ¶¶ 13-15. Interest on these amounts should be calculated at the same rate. Thus, on the $3,426.54 owed for Elias Hernandez that became due between April and August, 2006, interest should accrue from June 15, 2006, *see id*. ¶ 13; on the $5,400.66 owed for Brandon Resto that became due between June, 2006 and January, 2007, interest should accrue from October 1, 2006, *see id* ¶ 14; and on the $16,226.16 owed for Victor Redrovan that became due between January, 2008 and November, 2008, interest should accrue from June 15, 2008, *id.* ¶15. All interest due should be calculated at the time judgment is entered.

Plaintiffs also seek liquidated damages. ERISA provides for liquidated damages in an amount equal to the greater of interest on unpaid contributions, or an amount provided for in the governing plan not to exceed twenty percent of the delinquent contributions. 26 U.S.C. § 1132(g)(2). The trust agreements also provide for liquidated damages to be awarded at the greater of these two amounts. Huang Aff. Ex. G at 6, Ex. H at 6, Ex. I at 6. Twenty percent of the unpaid contributions equals $40,730.59. The amount owed in interest, if calculated as recommended above, would exceed twenty percent of the unpaid contributions. Accordingly, I recommend that plaintiffs be awarded as liquidated damages an amount equivalent to the total amount of interest calculated to be due at the time judgment is entered.

Finally, plaintiffs seek reimbursement for $9,621.25 in attorney's fees and $390 in costs. Schneider Supp. Aff. ¶ 26. In the Second Circuit, courts determine a "presumptively reasonable

6

fee" award by calculating the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008).

With respect to the time expended, plaintiffs have complied with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), by submitting contemporaneous time records with their fee application. *See* Schneider Supp. Aff. Ex. C. A total of 23.25 hours was spent on this matter: 22.5 hours of attorney work and one hour of work by a clerk. *Id.* My review of counsel's records indicates that the time expended appears reasonable and should be approved.

The hourly rate awarded to counsel "should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d. Cir. 1997) (internal quotation marks omitted). The relevant community is the district in which the action is commenced. *Id.* The Second Circuit has cautioned, however, that to award higher out-of-district rates, "a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009). A determination of the prevailing rate should be based upon evidence proffered by the parties as well as rates approved in other cases within the district. *Moreno v. Empire City Subway Co.*, 2008 WL 793605, at *6 (S.D.N.Y. Mar. 26, 2008). Where the plaintiff has "submitted no evidence of the prevailing market rate for attorneys of like skill litigating cases similar to plaintiff's . . . it is within [the court's] discretion to determine the reasonable hourly rate at which plaintiff's

counsel should be compensated . . . ." *Id.* at *7.

Here, plaintiffs seek attorney's fees at the hourly rate of $425. Schneider Supp. Aff. ¶ 23. Counsel has not submitted evidence of prevailing rates in the Eastern District. The rate sought is higher than the rate typically approved in an ERISA default action in this district. *See, e.g., Trustees of Plumbers Union Local No. 1 Welfare Fund v. N.Y. Pipeline Mechanical Contractors, LLC*, 2010 WL 1221430, at *6 (E.D.N.Y. Mar. 23, 2010) ("attorney rates of $250 and $200 per hour are consistent with rates normally awarded in ERISA default cases in this district"); *Gesualdi v. Mack Excavation and Trailer Svc., Inc.*, 2010 WL 985294, at *3 (E.D.N.Y. Mar. 15, 2010) (in an ERISA default action awarding $275 to a partner with 40 years of litigation experience). *See also Melnick v. Press*, 2009 WL 2824586, at *9-10 (E.D.N.Y. Aug. 28, 2009) (collecting cases and finding that "the prevailing hourly rate in this district for senior associates is generally $200 to $250"). Plaintiffs' attorney suggests that the rate of $425 per hour is reasonable because partners and associates with higher billing rates spent a significant amount of time counseling the Funds, and because she typically bills at the rate of $550 per hour. Schneider Supp. Aff. ¶ 23. Counsel is an associate at a large law firm with more than twenty years of experience litigating employee benefit cases. *See* Schneider Supp. Aff. ¶¶ 2, 21. While this experience is no doubt significant, counsel has not sufficiently justified an award of a higher rate than typically approved in the Eastern District. *See Gesualdi v. Andrews Trucking Corp.*, 2010 WL 2301028, at *6 (E.D.N.Y. Mar. 22, 2010) (reducing hourly rates in an ERISA default action where plaintiff's counsel did not make a "particularized showing" that higher out-of-district rates should be awarded). Accordingly, I respectfully recommend that plaintiffs be awarded attorney's fees at the rate of $250 per hour or $5,625 in total fees ($250 x

22.5).

In addition, plaintiffs seek compensation at the rate of $165 per hour for one hour of work performed by a support clerk. Schneider Supp. Aff. ¶ 23. Courts in this District have determined that a range of $70 to $80 per hour is a reasonable billing rate for legal assistants. *See, e.g., Stair v. Calhoun*, 2010 WL 2670828, at *11 (E.D.N.Y. Jun. 1, 2010). Because the rate requested is higher than ordinarily approved in this District, and plaintiffs have not established that they are entitled to this higher rate, I recommend that plaintiffs be compensated $80 for the one hour of work performed by the clerk.

Plaintiffs also seek reimbursement for $390 in costs for the filing fee and service fee. Schneider Aff. ¶ 9, Docket Entry 6-1. These costs appear reasonable and should be approved. Thus, for the reasons stated above, I recommend that plaintiffs be awarded a total of $6,095 in attorney's fees and costs.

## **Conclusion**

For the reasons set forth above, I respectfully recommend that judgment be entered against Delta Waste in the following amounts:

- $203,652.96 in unpaid ERISA contributions;
- liquidated damages in an amount equal to the interest calculated to be due at the time judgment is entered; and
- $6,095 in attorney's fees and costs.

I further recommend that the Clerk of the Court be directed to calculate the following interest at the time of judgment, at the rate of 1.5% per month:

- interest on $67,405 in unpaid contributions due under the 2003-2005 audit, beginning

from July 1, 2004;

- interest on $41,087.80 in unpaid contributions due under the 2006-2008 audit, beginning from June 1, 2007;

- interest on $70,106.80 in unpaid contributions which became due subsequent to the second audit, accruing from May 1, 2009; and

- interest on the following contributions for individual employees: $3,426.54 due for Elias Hernandez accruing from June 15, 2006; $5,400.66 due for Brandon Resto, accruing from October 1, 2006; and $16,226.16 due for Victor Redrovan accruing from June 15, 2008.

Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before September 2, 2010. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve a copy of this Report upon defendant at its last known address and to file proof of service with the Court.

/s  
Steven M. Gold  
United States Magistrate Judge

August 16, 2010  
Brooklyn, New York