UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES of the LOCAL 813 INSURANCE
TRUST FUND, the LOCAL 813 PENSION
TRUST FUND, and the LOCAL 813 AND
LOCAL 1034 SEVERANCE AND
RETIREMENT FUND,

                  Plaintiffs,

-against-

TRES CHIC, LTD. d/b/a DELTA WASTE
SERVICES,

                  Defendant.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 09-CV-5452 (FB) (SMG)

*Appearance:*
*For the Plaintiffs:*
SALLY L. SCHNEIDER, ESQ.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

**BLOCK, Senior District Judge:**

        On August 16, 2010, Magistrate Judge Gold issued a Report and Recommendation ("R&R") recommending that a default judgment be entered against defendant in the amount of $203,652.96 in unpaid ERISA contributions; liquidated damages in an amount equal to the interest calculated to be due at the time judgment is entered, and $6,095.00 in attorney's fees and costs. *See* R&R at 9. Magistrate Judge Gold further recommended that the Clerk of the Court calculate interest due at the time of judgment on the unpaid ERISA contributions at the rate of 1.5% per month, and, because plaintiffs'

1

damages were incurred over a period of time, use a "single reasonable intermediate date" as the date from which interest should accrue. *See id.* at 6, 9-10. Plaintiffs served a copy of the R&R on defendants on August 17, 2010.

Plaintiffs timely objected to the R&R only insofar as it recommended using a single reasonable intermediate date as the date from which interest should accrue; therefore, the Court will review that issue *de novo. See* 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Court modifies the R&R by using the date on which payments were due as the date from which interest should accrue.

I

Pursuant to New York law, prejudgment interest on damages incurred at various times "shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. 5001(b). Magistrate Judge Gold stated that he chose the latter method "as a practical way of calculating interest on those contributions that remain unpaid." *See* R&R at 5. Plaintiffs argue, however, that the first method should be applied when it is consistent with the applicable agreement between the parties–as it is here. *See* Exhibit G at page 5 ("[A]n Employer in default . . . shall be obligated to pay interest . . . from the date when payment was due."); Exhibit H at page 5 (same); Exhibit I at page 5 (same).

The Court agrees, because using the date each unpaid ERISA contribution was due as the accrual date is not impractical, and is consistent with the well-established contract principle of enforcing the parties' intentions. *See R/S Associates v. N.Y. Job Dev. Auth.*, 98 N.Y.2d 29, 32 (2002) ("[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms."

2

(quoting *Reiss v. Fin. Performance Corp.*, 97 N.Y.2d 195, 198 (2001))). Therefore, the Court finds that interest should accrue on each unpaid ERISA contribution from the date on which it was due.

The Court has reviewed Plaintiffs' chart showing each unpaid contribution, the date due, and the amount of interest owed as of May 10, 2010, and finds that it is accurate. *See* Huang Aff. Ex. AA (Docket Entry 12).

## II

With regard to the portions of the R&R to which no objections were filed, the Court will conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

## CONCLUSION

The Court adopts the R&R, as modified by this Memorandum and Order. The Clerk is directed to enter judgment against all defendants in the amounts set forth in the R&R, except that total interest on the unpaid ERISA contributions as of September 17, 2010 is $134,521.99, broken down as follows:

- $71,561.31 interest on unpaid contributions due under the 2003-2005 audit;
- $32,310.89 interest on unpaid contributions due under the 2006-2008 audit;
- $17,589.87 interest on unpaid contributions which became due subsequent to the second audit;
- $2,614.31 interest on unpaid contributions due for Elias Hernandez;
- $3,864.48 interest on unpaid contributions due for Brandon Resto;

- $6,581.13 interest on unpaid contributions due for Victor Redrovan.

**SO ORDERED.**

s/Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, NY  
September 17, 2010